UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD D. BURPEE,<br><br>   Petitioner,<br><br>  v.<br><br>A. HEDGPETH, Warden,<br><br>   Respondent.<br>_____/ | No. C-12-3717 EMC (pr)<br><br><br>**ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

Todd D. Burpee, an inmate at Salinas Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. BACKGROUND

The petition and attachments thereto provide the following information: Burpee was convicted in Santa Clara County Superior Court of two counts of assault with intent to rape and commit forcible sexual penetration, two counts of assault with force likely to produce great bodily injury, one count of kidnapping to commit rape and forcible sexual penetration, and one count of forcible sexual penetration. Burpee was sentenced on September 11, 2009 to 25 years to life in prison consecutive to 18 years in prison.

///

///

He appealed. The judgment of conviction was affirmed by the California Court of Appeal and the petition for review was denied by the California Supreme Court in 2011. Burpee also filed unsuccessful habeas petitions in state court. He then filed this action.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: First, Burpee contends that his right to due process was violated because the evidence was insufficient to support the convictions for two violations of Penal Code § 220 and two violations of Penal Code § 245 as there was "insufficient evidence he committed more than one assault," Docket # 1-1, p. 17. Second, he contends that the trial court erred in denying his request for disclosure of juror information. In one of the petitions for review attached to the federal habeas petition, the issue was argued as a state law error as well as a violation of his Fourteenth Amendment due process right "to an adequate record in seeking judicial review," Docket # 1-3, p. 16, as well as his Sixth and Fourteenth Amendment "rights to an open trial by a fair jury and to an adequate record," Docket # 1-3, p. 17. Third, he contends that he was denied his Sixth Amendment right to effective assistance of counsel in that trial counsel failed to present the "only viable defense that [Burpee] lacked the intent to commit" the crimes because he believed the victim was dead, Docket # 1, p. 6 and Docket # 1-5. Fourth, Burpee contends that he was denied his Sixth Amendment right to effective assistance of counsel in that counsel failed to request the court to question the jurors about their exposure during trial to publicity about the case. *See* Docket # 1-5.

Giving the *pro se* petition the liberal construction to which it is entitled, the federal constitutional claims are cognizable in a federal habeas action and warrant a response.

Some of Burpee's arguments also assert errors under state law. The state law error claims are dismissed because federal habeas relief is not available for state law errors. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011).

## IV.   CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **October 5, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **November 9, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

///
///
///
///
///
///
///

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**.  (Docket # 3.)

IT IS SO ORDERED.

Dated: August 1, 2012

_____
EDWARD M. CHEN
United States District Judge

4