UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD D. BURPEE, | No. C-12-3717 EMC (pr) |
| Petitioner, | |
| v. | **ORDER** |
| A. HEDGPETH, Warden, | |
| Respondent. | |

Respondent's request for an extension of time to respond to the petition for writ of habeas corpus is **GRANTED**. (Docket # 13.) The Court now sets the following new briefing schedule on the petition: On or before **February 28, 2013**, Respondent must file and serve on Petitioner his response. On or before **March 29, 2013**, Petitioner must file and serve on Respondent's counsel his traverse.

Petitioner has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel is **DENIED**. (Docket # 11.)

Petitioner's second *in forma pauperis* application is **GRANTED**. (Docket # 5.)

Petitioner's request for default judgment is **DENIED**. (Docket # 14.) Respondent was not and is not in default. Further, the availability of habeas relief by default is at least doubtful. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment").

IT IS SO ORDERED.

Dated: January 7, 2013

_____
EDWARD M. CHEN
United States District Judge