UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD D. BURPEE,<br><br>    Petitioner,<br><br>    v.<br><br>A. HEDGPETH, Warden,<br><br>    Respondent.<br>_____/ | No. C-12-3717 EMC (pr)<br><br>**ORDER DENYING PETITIONER'S MOTION TO STAY**<br><br>**(Docket No. 29)** |

       Todd D. Burpee filed this *pro se* action for a writ of habeas corpus on July 16, 2012. The Court ordered Respondent to show cause and a response was filed on April 18, 2013. Burpee requested several extensions to file a traverse which was to be due on September 30, 2013, however Burpee has instead filed a motion to stay to exhaust further claims.

       Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, Petitioner must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines, supra*, at 277-78.

A stay may also be available pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). A petitoner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

Burpee wishes to exhaust the following claims: (1) trial counsel was ineffective for failing to challenge the legality of his arrest; (2) he was arrested without probable cause; (3) there was a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) he is actually innocent; and (5) lack of probable cause for initial detention.

The motion to stay will be dismissed without prejudice as Burpee has not sufficiently addressed the *Rhines* or *King/Kelly* factors. He has failed to provide enough arguments or information for the Court to determine if the claims potentially have merit and why there was a delay in bringing these claims, pursuant to *Rhines*. Simply stating he was diligent and new investigations have uncovered the claims without explanation is insufficient. Nor has he addressed if the claims could relate back to his original claims to be timely pursuant to *King/Kelly*. In addition the majority of these claims are not proper federal claims. If he chooses to file a new motion to stay he must address the deficiencies described by the Court.

Burpee's second and fifth claims regarding lack of probable cause to arrest in violation of the Fourth Amendment will be dismissed as they fail to state a federal claim. In *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), the Supreme Court held that federal habeas review of Fourth Amendment claims was barred unless the state did not provide an opportunity for full and fair

litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). All *Stone v. Powell* requires is the initial opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses this court's inquiry upon habeas petition into the trial court's subsequent course of action, including whether or not the trial court made any express findings of fact. *See Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated 4th Amendment claim in state court is irrelevant if he had opportunity to do so under California law). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. In this case, Burpee's attorney filed a motion challenging the illegal arrest and subsequent evidence that was discovered, thus there was an opportunity to litigate this claim in state court. Clerk's Transcript at 184-89. These claims are dismissed.

However, with respect to Burpee's ineffective assistance of counsel claim, Sixth Amendment claims based on incompetent representation by counsel with respect to Fourth Amendment issues may be the basis for a habeas action and are not barred by *Stone v. Powell. See Kimmelman v. Morrison*, 477 U.S. 365, 373-83 (1986). In his motion to stay, Burpee only states that trial counsel was ineffective for failing to challenge the legality of the arrest. As noted above, trial counsel filed a motion to suppress due to the illegality of the arrest. Burpee provides no more information regarding how counsel was ineffective. Bupree will be provided an additional opportunity to provide more information regarding this claim.

In claim four, Burpee contends he will bring a claim of factual innocence based upon newly discovered evidence, yet he fails to describe his claim or the newly discovered evidence. He will be

allowed to provide further information regarding this claim, though it is unclear if this claim may even be pursued on federal habeas review.[1]

The claim regarding a potential *Brady* violation is a proper federal claim. However, Burpee only states that exculpatory evidence was withheld, but he never describes the evidence and how it rose to a *Brady* violation. If he files a new to motion to stay he must provide additional information.

## CONCLUSION

The motion to stay (Docket No. 29) is **DENIED** without prejudice and a new motion to stay may be filed within twenty-eight (28) days. Claims 2 and 5 from the motion to stay regarding lack of probable cause for arrest are dismissed with prejudice. If Petitioner files a new motion to stay he must only address claims: (1) ineffective assistance of counsel; (3) *Brady* violation; and (4) actual innocence. If Petitioner chooses not to file a new motion to stay, any traverse must be filed within twenty-eight days addressing the remaining claims from the petition.

IT IS SO ORDERED.

Dated: October 18, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Supreme Court has never held that a freestanding claim of actual innocence is cognizable on federal habeas review. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also House v. Bell*, 547 U.S. 518, 545–55 (2006) (declining "to answer the question left open in *Herrera*" of whether "freestanding innocence claims are possible").